## SAMUEL ROSS *v.* JOSEPH ROADHOUSE.

OBJECTIONS TO TRANSCRIPT.—The objection that it does not appear in the transcript when the statement on motion for a new trial was filed in the Court below, must be made in the Supreme Court before a submission of the case on the merits, or it will be deemed waived.

EVIDENCE IN STATEMENT.—In setting out the evidence in a statement, a brief synopsis of its substance is proper.

POSSESSION TO MAINTAIN FORCIBLE ENTRY AND DETAINER.—One entering within the inclosure of another, and building a house there, and asserting a claim to a whole or part of the inclosed land, while the other is living within the inclosure and asserting his possession to the land, does not acquire such an actual possession to any part of the land as to enable him to maintain forcible entry and detainer, unless it is to the land upon which his house actually stands, and so much as is absolutely necessary to the occupation of the house.

EVIDENCE IN FORCIBLE ENTRY.—Where the plaintiff in forcible entry and detainer

is forcibly ousted by several persons, and the defendant claims that, although present, he took no part in the expulsion, he should be allowed to cross examine witnesses who testify to seeing weapons, as to whose hands they were in.

THE OUSTER SHOULD BE BY DEFENDANT.—Where several persons ousted the plaintiff in forcible entry, and only one is sued, the Court should not instruct the jury to find for plaintiff if he was in possession and was ousted. The words "by defendant" should be inserted in the instruction after the word "ousted."

APPEAL from the County Court of Monterey County. The other facts are stated in the opinion of the Court.

*Julius Lee*, for Appellant, argued that the evidence did not show such actual possession in the plaintiff as to enable him to maintain this action, and cited *Thompson* v. *Smith*, 28 Cal. 534; *Hoag* v. *Pierce*, 28 Cal. 191; *Coryell* v. *Cain*, 16 Cal. 573, and section nine of the Act of April 2d, 1866, under which the action was brought. He further argued that *actual possession* is *possessio pedis*—an actual inclosure, or something equivalent, which would be evidence of exclusive control. He also argued that the instruction given was erroneous.

*Campbell, Fox & Campbell*, for Respondent, argued that as Ross had a dwelling house on the land, and was proceeding to make a *bona fide* settlement, he was entitled to a reasonable time to make his inclosures, and that in the meantime his possession was *actual* within the meaning of the Act; and cited *Valencia* v. *Couch*, 32 Cal. 340.

By the Court, SAWYER, C. J.:

This is an action for forcible entry and detainer under the Act of 1866, in which plaintiff had a verdict and judgment. The complaint and judgment for possession embrace six forty-acre tracts of land. A motion for new trial having been made by defendant and denied, defendant appeals.

The objection of the respondent that it does not appear when the original proposed statement was filed, should have been taken in the mode prescribed by Rule XIII, and before submission on the merits; otherwise, it will not be noticed.

The brief statement of the substance of the evidence bearing upon the point specified, instead of setting it out in full, relevant and irrelevant, in the precise language of the witnesses, is proper.

The testimony shows that the defendant, Roadhouse, fourteen years prior to 1867, entered upon, and completely inclosed a tract of land in Monterey County, built a dwelling house and other improvements on it, and that, with his family, he has ever since resided thereon, farming, cultivating, and improving the same, " being in the actual and exclusive possession of the whole thereof, save that upon a portion thereof the stock of one Wren and one Preston ran in common with that of said defendant; that on or about the 6th day of November, 1866, plaintiff entered within the aforesaid general inclosure about or after sundown of that day;" that on the next morning defendant informed plaintiff that he was a trespasser, at the same time pointing out his general inclosure, and requested him to leave, and several times afterwards directed him to leave, which plaintiff declined to do, but remained on the premises, living for a time under a wagon cover for a tent. Plaintiff afterwards commenced building a house and moved into it, and, although not completed, he was living in it with his wife on the 9th of December, 1866, when "a company of men, among whom was defendant, tore down the said incompleted house, and put the furniture in the public highway;" that "there were weapons, such as pistols, shotguns, and a sword in the possession of said company of men." "That said lots named in complaint were each forty-acre lots; that they were not inclosed in any manner save that they were within the general *inclosure aforesaid*, nor were they in any manner segregated from other lands in said inclosure; that plaintiff claimed to be in possession of one hundred and sixty acres; that after he first went there he had the premises surveyed by a United States Surveyor." This is the evidence to show that the plaintiff "was *peaceably in the actual possession* at the time of forcible entry" of the six forty-acre tracts of land claimed and recov-

ered, as is required to be shown by section nine of the Act under which this action is brought.

It is manifest that the facts thus disclosed do not show any actual possession in plaintiff, at the time of the forcible entry, of the entire tract claimed and recovered.   By entering into another's inclosure, erecting a house on some part of the premises, and asserting a claim to the whole, or a large part, while the other party is himself living within the same general inclosure, occupying the premises, and also asserting his possession to the whole, the intruder does not acquire such an actual possession of the whole portion claimed as is required by the statute to enable him to maintain this action. If he can be said to have such possession of any portion as is required by the statute, he has no possession at all beyond that portion which is in his own actual, exclusive occupation, and from which he has, in fact, ousted and excluded the party upon whom he has entered.   In this case, the most that there is any ground for claiming an actual possession of, is the land upon which plaintiff's house actually stood, and, perhaps, the land absolutely necessary to the occupation of the house.   The land claimed is part of a large inclosure, within which the defendant himself at the time was living, "farming, cultivating, and improving the same," and which he had been so occupying for fourteen years, and he was "in the actual, exclusive possession of the whole thereof," except a portion which was occupied in common by his own stock and that of two other parties.   He still continued thus to claim the whole after plaintiff's entry.   The plaintiff entered within his inclosure, commenced a house, and asserted a claim merely, according to the facts appearing in evidence, to one hundred and sixty acres, without building any fence, or in any way segregating it, or doing any act, except having a survey made, to reduce any portion beyond that on which his house stood to actual possession; yet in this action he has claimed *and recovered* six " forty-acre lots," that is to say, six forty-acre subdivisions of sections according to the United States surveys—or two hundred forty acres—not six separately inclosed

tracts of land.   The claim that the acts shown by the testimony constitute the peaceable *actual possession*, required by the statute for the purposes of this action, of the whole six forty-acre lots recovered, or of any land, except that upon which the house stood, and that necessarily used in occupying the house, as against defendant, is simply preposterous.

The second instruction given by the Court is as follows:

" If the jury find from the evidence that the plaintiff was in the possession of the said premises, and that he was forcibly ousted and ejected therefrom, you *must* find a verdict in favor of the plaintiff for the restitution of said premises, and all damages sustained."

This is clearly erroneous in not containing the words " by the defendant" after the words "that he was forcibly ousted and ejected therefrom."   Defendant attempted to show that, although present and looking on, he took no part in the expulsion in person, or by directing others.   Possibly, in view of all the evidence, the Court might be of opinion that this error could not have injured the defendant, and decline to reverse the judgment on that ground, if there was nothing else of which to complain in the case.   But this qualification should have been inserted.   Besides, the instruction as given is also objectionable, because the jury would be very likely to understand from it that if the plaintiff was in peaceable, actual possession of the house, merely claiming the whole, at the time of the forcible expulsion, they must find a verdict in favor of the plaintiff for the whole premises described in the complaint.   The instruction is obscure in this respect, and nothing else appears in any other part of the record to relieve the obscurity.   The jury must have so understood the instruction; otherwise, the verdict is unaccountable.

In view of the endeavor made by defendant to show that the forcible entry was made by other parties, without his having anything to do with it, the Court also erred in refusing to allow him to show, on the cross examination of Ross, in

whose hands the weapons about which he testified were. Possibly, upon a consideration of the other evidence, the judgment might not have been reversed for this error, had there been nothing else objectionable in the case.   But it was error, nevertheless.

Judgment and order denying a new trial reversed, and a new trial granted, and the remittitur directed to issue forthwith.

SANDERSON, J., concurring specially:

I concur in the judgment and in what has been said by the Chief Justice, except so far as he implies that the plaintiff was in the actual and peaceable possession of the land upon which he had erected his house.   I do not think "he was peaceably in the actual possession" of any portion of the premises, within the meaning of the statute in relation to forcible entries.